ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C -Atlanta

MAY - 6 2005

LUTHER D THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v | : | 1 05 CV 1215 |
| EAGLE MANAGEMENT GROUP, | : | COMPLAINT |
| Defendant. | : | JURY TRIAL DEMANDED |

**WBH**

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the bases of retaliation, and to provide appropriate relief to Mr Leonard S Hammond, II, who was adversely affected by such practices As expressed in greater detail below, Mr. Hammond was employed by Eagle Management Group as a Installation and Dismantle worker, and rehired repeatedly for jobs, one after another, around the Southeast After several overtly racist comments were made to him by his managers, he complained to upper-level management Mr Hammond also filed a charge with the Equal Employment Opportunity Commission against the Defendant As a result, Defendant retaliated

FORMS RECEIVED
Consent To US Mag _____
Pretrial Instructions _____
Title VII NTC _____

against him, including refusing to rehire him and/or assign him to jobs again, despite his past work history and proven performance, because he engaged in protected activity under Title VII

## JURISDICTION AND VENUE

1     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1)and (3).

4. At all relevant times, Defendant Eagle Management Group ("Defendant"), a New York corporation, has continuously been a corporation doing business in the State of Georgia and the city of Atlanta (among other cities), and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Mr Hammond filed his charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled

7  Since April 2003, Defendant engaged in unlawful employment practices at its Atlanta, Georgia, facility, in violation of Section 704(a) of Title VII, 42 U S C §§ 2000e-3(a), by subjecting Mr. Hammond to an adverse employment actions, including failure to hire him and/or assign him to jobs, in retaliation for opposing practices made unlawful by Title VII, and for participating in a proceeding under Title VII

8  The effects of the practices complained of in paragraph 7 above have

3

been to deprive Mr. Hammond of equal employment opportunities and otherwise adversely affect his status as an employee because he engaged in protected activity.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

11 The unlawful employment practices complained of in paragraph 7 above were carried out with malice and/or reckless indifference to the federally protected rights of Mr Hammond.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A   Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminates on the basis of involvement in activity protected by Title VII

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who engage in activity protected by Title VII, and which eradicate the effects of its past and present unlawful employment practices

C. Order Defendant to make whole Mr. Hammond, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay

4

with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Mr. Hammond and/or front pay.

D. Order Defendant to make whole Mr Hammond by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E. Order Defendant to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII, 42 U S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

F. Order Defendant to make whole Mr. Hammond by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

G Order Defendant to pay to Mr. Hammond punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial

H   Grant such further relief as the Court deems necessary and proper

I   Award the Commission its costs in this action

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                          Respectfully submitted,

                          _____
                          S  Robert Royal
                          Regional Attorney
                          Georgia Bar No. 617505

                          U. S. Equal Employment Opportunity Commission
                          Atlanta District Office
                          100 Alabama St , SW, Suite 4R30
                          Atlanta, Georgia 30303
                          Telephone.  (404) 562-6812
                          Facsimile.   (404) 562-6905

## CERTIFICATE OF COMPLIANCE WITH LR 5.1B, NDGa

Plaintiff hereby certifies that, pursuant to LR 5 1B, NDGa, this pleading was prepared with 14 point Times New Roman font.

Respectfully submitted,

_____
S Robert Royal
Regional Attorney
Georgia Bar No 617505

U S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6812
Facsimile·  (404) 562-6905